UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH SCOTT,

    *Plaintiff*,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, *et al.*,

    *Defendants*.

No. 24-cv-00487 (DLF)

**MEMORANDUM OPINION & ORDER**

    Kenneth Scott brings this action against Kamilia Harden and Washington Metropolitan Area Transit Authority ("WMATA") alleging negligence claims arising from a multi-vehicle traffic incident. Before the Court is Harden's Motion to Dismiss. Dkt. 7. For the reasons that follow, the Court will grant the motion.

**I.  BACKGROUND**

    On November 3, 2021, Kenneth Scott was involved in a multi-vehicle traffic incident with Kamilia Harden and a driver for WMATA. Harden filed suit in Maryland state court against WMATA, alleging negligence claims stemming from the crash. *Harden v. Ricarda*, No. 05-02-3388-2022 (Md. Cir. Ct. 2022). WMATA removed that case to the United States District Court for Maryland. *Harden v. WMATA* ("Maryland Case"), No. 22-cv-2835 (PJM) (D. Md.). In federal court, Harden filed an amended complaint bringing claims against WMATA and Kenneth Scott, and Scott answered. Third Am. Compl., No. 22-cv-2835, Dkt. 29; Scott Answer, No. 22-cv-2835, Dkt. 34. After all the parties entered a settlement agreement, the district court entered a settlement

order dismissing with prejudice all claims and counterclaims that were not reopened within 30 days. Order Dismissing Case, No. 22-cv-2835, Dkt. 50. Scott did not move to reopen.

Then, in 2024, Scott filed a complaint in D.C. Superior Court alleging claims stemming from the same incident. D.C. Compl. ¶¶ 2–7, Dkt. 1-1. WMATA subsequently removed this case to federal court in D.C. Notice of Removal, Dkt. 1. Harden filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, Dkt. 7; *see* Fed. R. Civ. P. 12(b)(1), (6). The Court denies her 12(b)(1) motion because the defense of res judicata does not affect the subject matter jurisdiction of the court. *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006). The Court instead will consider Harden's res judicata argument under 12(b)(6).

## II.   LEGAL STANDARDS

Rule 12(b)(6) allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation marks omitted). When deciding a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to or incorporated by reference in the complaint, and judicially

noticeable materials.[1] *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## III. ANALYSIS

Harden argues Scott fails to state a claim upon which relief can be granted because Scott's claim is barred by res judicata. "The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). "Under the claim preclusion aspect of res judicata, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action." *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 102 (D.D.C. 2002) (internal quotation marks omitted). This "prevents parties from relitigating issues they raised or could have raised in a prior action on the same claim." *Id.* (internal quotation marks omitted). The Court will apply federal common law to determine the preclusive effect of a federal-court judgment, *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008), rather than District of Columbia's three-prong claim preclusion test, *see* Mot. to Dismiss at 5, Opp'n at 3, Dkt. 8, because the judgment at issue was issued by the United States District Court for Maryland and the court's jurisdiction was not based on diversity of citizenship, *Sturgell*, 553 U.S. at 891 & n.4. Under federal common law, claim preclusion bars a plaintiff's claims when "there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent

---

[1] Because Harden filed an affidavit discussing the previous court proceedings, Harden treated her motion to dismiss as a converted motion for summary judgment. Fed. R. Civ. P. 56. But this Court may take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment. *See Vance v. Chao*, 496 F. Supp. 2d 182, 184 n.1 (D.D.C. 2007). The Court will not convert the motion or consider Harden's affidavit and will instead take judicial notice of the Maryland case and all relevant prior legal proceedings and filings.

jurisdiction." *Smalls*, 471 F.3d at 192. Scott does not contest that the Maryland Case involved the same parties before a court of competent jurisdiction.

### A.     Final Judgment on the Merits

To bar future litigation, the prior judgment must be on the merits of the claim. *Stanton v. District of Columbia Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997). But claim preclusion also bars "matter[s] that never ha[ve] been litigated," if they "should have been raised in an earlier suit." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Scott argues the Maryland court did not render a final judgment on the issue of negligence because the settlement order did not rule on the merits of the underlying claim, and he was not obligated to raise his counterclaim in that case.

#### 1.     *Settlement Order*

The settlement order functioned as a final, valid judgment on the merits. A dismissal with prejudice is on the merits. *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006). Although the order in the Maryland Case dismissed all claims and counterclaims without prejudice for the first 30 days, those 30 days expired without Scott filing a motion to reopen. Thus, the dismissal became a dismissal with prejudice.

Scott resists this conclusion by pointing out there was no trial on the merits, nor was negligence determined by a trier of fact. Opp'n at 3. But factual determination of a particular issue is relevant for issue preclusion, not claim preclusion. *Arizona v. California*, 530 U.S. 392, 414 (2000). All that is necessary for claim preclusion is a final judgment. *See Bailey v. DiMario*, 925 F. Supp. 801, 810 (D.D.C. 1995) ("Under the related doctrines of res judicata and collateral estoppel, a final judgment on the merits of an action precludes the parties from relitigating issues that were or *could have been* finally decided. . . ." (emphasis added)). Here, the parties entered

into a settlement. The court then issued an order integrating the settlement agreement into a formal judgment of the court. *See Lindell v. Landis Corp. 401(k) Plan*, 640 F. Supp. 2d 11, 16 (D.D.C. 2009). A settlement order from the court dismissing all claims with prejudice qualifies as a final judgment on the merits and precludes relitigating the claims that were or should have been raised. *Bailey*, 925 F. Supp. at 810 (citing *United States v. Southern Ute Indians,* 402 U.S. 159, 174 (1971)).

2.   *Compulsory or Permissive Counterclaim*

"[R]es judicata may generally bar compulsory counterclaims, but not always permissive ones." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 492 (D.C. Cir. 2009). The question of whether Scott's claim was compulsory or permissive hinges on what rule of procedure we apply. Under Maryland rules, where the case was initially filed, a defendant has no compulsory counterclaim. *See* Md. R. Civ. P. Cir. Ct. 2-331. Under the Rule 13(a) of the Federal Rules of Civil Procedure, a claim is a mandatory counterclaim if it "arises out of the [same] transaction or occurrence." Fed. R. Civ. P. 13(a)(1)(A). Scott argues the Maryland rule applies. The Court disagrees.

"One of the shaping purposes of the Federal Rules [of Civil Procedure] is to bring about uniformity in the federal courts by getting away from local rules." *Hanna v. Plumer*, 380 U.S. 460, 472 (1965) (cleaned up). Once a federal court determines it has jurisdiction, the "strong policy of uniformity, and the equally strong policy of Rule 13(a) to prevent a multiplicity of litigation arising out of a single transaction or occurrence" are best supported by applying the federal rules to "such procedural matters as the assertion of counterclaims." *Tolson v. Hodge*, 411 F.2d 123, 128 (4th Cir. 1969) (holding that Rule 13's counterclaims requirements governed, despite state law applying to the suit generally under Rule 17(b)). Here, the United States

District Court for Maryland had jurisdiction over the case. Harden filed an amended complaint adding Scott as a defendant in federal court, and Scott filed an answer to that complaint in federal court. Third Am Compl., No. 22-cv-2835; Scott Answer, No. 22-cv-2835. Thus, the federal rules applied, despite any "inevitabl[e] differ[ence] from comparable state rules." *Hanna*, 380 U.S. at 473.

Under the Rule 13(a), Scott's claim is compulsory. His claim arises out of the traffic incident that occurred in November of 2021. That same incident served as the basis for Harden's claim in the Maryland Case. Thus, Scott's negligence claim "arises out of the . . . occurrence that is the subject matter" of Harden's claim and ought to have been raised in the prior action. Fed. R. Civ. P. 13(a)(1)(A).

**B.     Same Claims or Cause of Action**

Scott's claim here is the same cause of action that was raised in the Maryland case. To determine whether a plaintiff's new suit raises the same "claim or cause of action," courts ask if the suit "arise[s] from the same transaction" or involves "a common nucleus of operative facts," *Lucky Brand Dungaress, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (cleaned up). As the Court previously discussed, *see* Section III.A.2, Scott's claim is based on the same underlying facts as the Maryland Case: the 2021 traffic crash. Indeed, Scott raised Harden's contributory negligence as an affirmative defense in his answer to Harden's complaint in the Maryland Case. Scott Answer at 1, No. 22-cv-2835.

Scott's only rejoinder is that the element of damages and causation in this case are different because he was a defendant in the Maryland Case but a plaintiff here. That argument misses the point. The question is whether the underlying facts to his claim are the same as the prior case. They clearly are.

## CONCLUSION

Scott had the opportunity in 2022 to raise his counterclaim of negligence. He chose not to, and instead entered into a settlement agreement dismissing all claims and counterclaims with prejudice. As such, his negligence claim today is barred by claim preclusion.

Accordingly, it is

**ORDERED** that Harden's motion to dismiss is **GRANTED**; it is further

**ORDERED** that the defendant Harden be dismissed from this case.

So Ordered.

_____
DABNEY L. FRIEDRICH
United States District Judge

December 2, 2024